UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
MARIA KOROTUN,

                Plaintiff,

    -against-

EDWARD C. FRIEDMAN,

                Defendant.
--------------------------------X
APPEARANCES

For Plaintiff:    Richard Monaco, Esq.
                Richard G. Monaco, PC
                325 Broadway, Suite 401
                New York, New York 10007

For Defendant:    No appearance.

FILED
CLERK

2/13/2026 4:38 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM & ORDER
24-CV-8719 (JS)(LGD)

SEYBERT, District Judge:

        This case arises from the theft of a Chow Chow / Great Pyrenees mix-breed dog named Matty ("Dog") by Defendant Edward C. Friedman ("Defendant") from the Dog's owner, Plaintiff Maria Korotun ("Plaintiff").  (See Compl., ECF No. 1.)  Defendant has not appeared in the action.  (See Case Docket, in toto.)

        Presently before the Court is Plaintiff's Motion for Default Judgment against Defendant (hereinafter, the "Motion").  (See Mot., ECF No. 13.)  Despite Plaintiff's service of the Motion upon the Defendant, it is unopposed.  (See Aff. of Serv., ECF No. 13-12; Case Docket, in toto.)  For the reasons stated herein, the Motion is DENIED.

BACKGROUND

I.   Relevant Factual Background

While the Court assumes the parties' familiarity with the underlying facts giving rise to this action, for the reader's convenience, it provides the following summary.  On October 10, 2022, Defendant stole Plaintiff's Dog. (Compl. ¶ 2.)  Plaintiff adopted the Dog from Halfway Home Rescue, Inc., located in North Haven, Connecticut on or about March 17, 2019.  (Id. ¶ 9.) Plaintiff paid the adoption fee for the Dog, and up until October 10, 2022, Plaintiff paid for all costs associated with care for the Dog.  (Id. ¶¶ 10-13.)  According to Plaintiff, Defendant admitted Plaintiff is the legal owner of the Dog, but fabricated a claim that Plaintiff gave Defendant the Dog as a gift.  (Id. ¶¶ 16-17.)

Defendant was renting a home in Livingston, New Jersey owned by the Plaintiff.  (Id. ¶ 18.)  Plaintiff had a verbal understanding with Defendant that at times Defendant would care for the Dog in exchange for reduced rent; this understanding was revocable at will and never rose to the level of a gift or transfer of ownership of the Dog to the Defendant.  (Id. ¶ 19.)

On October 10, 2022, after changing the locks to the New Jersey rental property so Plaintiff could not enter it, Defendant left his New Jersey rental home and entered New York to steal the Dog.  (Id. ¶¶ 20-21.)  Defendant cut a hole in Plaintiff's fence

surrounding her New York property, entered said property, took possession of Plaintiff's Dog without her permission, and returned to New Jersey with the Dog. (Id. ¶¶ 22-23.) Defendant remains in possession of the Dog without permission from Plaintiff. (Id. ¶ 27.)

## II.   Relevant Procedural Background

Plaintiff filed her Complaint on December 20, 2024, alleging: (1) Conversion; (2) Replevin; (3) Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of Emotional Distress. (See Compl.) Plaintiff seeks total damages in the amount of $91,718,00. (See Statement of Damages, ECF No. 13-10.) Despite proper service of the summons and Complaint upon Defendant, he never appeared. (See Aff. of Serv., ECF No. 7; Case Docket, in toto.)

On February 14, 2025, the Clerk of Court denied Plaintiff's request for certificate of default. (See Feb. 14, 2025 Elec. Order.) Plaintiff re-filed her request on February 18, 2025 (see ECF No. 9), and later that same date, the Clerk of Court noted Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (ECF No. 10). On March 11, 2025, Plaintiff moved for default judgment. (ECF No. 11.) On April 2, 2025, Plaintiff's motion was denied without prejudice to renew. (ECF No. 12.)

3

Plaintiff again moved for default judgment on May 2, 2025. (See Mot.)  In a notarized Statement of Damages signed by the Plaintiff, Plaintiff baldly puts forth the following list of damages:

Principal sought in the First Cause of Action: $36,718.00

Itemized:

New York and New Jersey Private Investigators (Bernardo Curra Investigations): $20,000.00.

Miami, Florida Private investigators: $444.00

Northern Florida private investigator: $4,000.00

Delaware private investigator: $600.00

Magnum private investigator: $9,674.00

Security system replaced for home after theft of dog: $2,000.00

Principal Sought in Second Cause of Action: (Value of Matty, the chattel / dog): $5,000.00

Principal Sought in the Third /Fourth Cause of Action (Within the discretion of the Court): $50,000.00

TOTAL DAMAGES SOUGHT: $91,718.00

(Statement of Damages at 1-2 (emphasis in original).)  However, Plaintiff has provided no documentation that substantiates the claimed damages.

On August 14, 2025, Plaintiff filed a letter "to advise the Court that Edward Friedman has just filed papers in the New Jersey Court action in which he acknowledges that he is aware of

4

the case at bar before Your Honor" and attached same to the filing. (ECF Nos. 16 & 16-1.)  On October 19, 2025, Plaintiff filed a letter "to advise the Court that the New Jersey Superior Court entered Judgment in favor of Maria Korotun and against Edward Friedman, in a related proceeding, and that the Court awarded title and possession of the chattel at issue, to wit, the [D]og named Matty, to Maria Korotun" and attached said order as an exhibit. (ECF Nos. 18 & 18-1.)  In that same letter, Plaintiff also avers, "[w]e do not request to withdraw the uncontested motion for default judgment before this Honorable Court because although the [D]og was physically taken from New York State (Nassau County), Edward Friedman has traveled to Pennsylvania and at least Maryland as well, that we are aware of" and thus requests an order from this Court "to the United States Marshals." (ECF No. 18.)

DISCUSSION

I.  <u>Applicable Law</u>

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation."  <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 246 (2d Cir. 2004).  "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  <u>City of N.Y. v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 128 (2d Cir. 2011) (quoting <u>New York v. Green</u>, 420 F.3d 99, 104

5

(2d Cir. 2005)).

Entry of default is appropriate where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant's default constitutes "a concession of all well-pleaded allegations" against it. A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 35 F. 4th 913, 916 (2d Cir. 2022); Mickalis Pawn Shop, 645 F.3d at 128 ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").

Upon the satisfaction of the first step, the second step of Rule 55 must then be satisfied. "The second step, entry of a default judgment [pursuant to Rule 55(b)], converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. When determining whether default judgment is warranted, the court reviews a plaintiff's allegations to decide whether said allegations establish a defendant's liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also A&B Alt. Mktg. v. Int'l Quality Fruit Inc., 521 F. Supp. 3d 170, 175-76 (E.D.N.Y. 2021) ("It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint

6

pertaining to liability are accepted as true." (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992))).

Further, "[i]t is well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint." A&B Alt. Mktg., 521 F. Supp. 3d at 176 (citation omitted). Rather, it is the plaintiff's burden to establish entitlement to requested damages. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see also A&B Alt. Mktg., 521 F. Supp. 3d at 176 (same). "To determine damages, the court may conduct an inquest or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages." A&B Alt. Mktg., 521 F. Supp. 3d at 176 (first citing Fed. R. Civ. P. 55(b)(2)(B); then citing Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015)).

II.  Analysis

A. Res Judicata and the New Jersey Superior Court Action

First, the apparent relief Plaintiff seeks here has been similarly sought by Plaintiff before the New Jersey Superior Court. (See Memorandum of Law, ECF No. 13-9 ("It is conceded that this action and the action pending in the New Jersey Superior Court involve the same parties and are substantially similar, or

7

parallel, to wit, the same relief is sought.").) Pursuant to Plaintiff's counsel's letter dated October 19, 2025, said relief has been awarded by the New Jersey Superior Court. (See ECF No. 18 ("This letter is to advise the Court that the New Jersey Superior Court entered Judgment in favor of Maria Korotun and against Edward Friedman, in a related proceeding, and that the Court awarded title and possession of the chattel at issue, to wit, the dog named Matty, to Maria Korotun.").) Thus, the decision of the New Jersey Superior Court in the "parallel," "related" proceeding appears to have a preclusive and binding effect upon this Court based on the principles of res judicata. See Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008) ("Res judicata evokes the common law principles of judicial economy and comity. It provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action."); see also Simmons v. Trans Express Inc., 355 F. Supp. 3d 165, 173 (E.D.N.Y. 2019), aff'd, 16 F.4th 357 (2d Cir. 2021) ("Under New York law a default judgment has res judicata effect equal to that of a judgment on the merits." (citation modified)). Thus, the Court need not address the merits of the action again here.

Second, Plaintiff's request for an "appropriate Order from this Court to the United States Marshals" to enforce the New Jersey Superior Court's judgment is denied. Plaintiff cites to no

8

authority in support of this request, and the Court is not aware of any.  Nor is this the proper method for Plaintiff to domesticate her judgment from the New Jersey Superior Court in New York such that this Court has authority to enforce the New Jersey Superior Court's judgment.

B. Damages

However, even if the Court found Plaintiff proved liability, the Court still would deny the relief sought by Plaintiff.  This is because even where a defendant has defaulted, the Court nevertheless "must [] conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," Alcantara, 183 F.3d at 155, and must thereby ensure itself that a sufficient basis exists for awarding the damages requested by a plaintiff.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation omitted). Therefore, "[e]ven in the absence of a hearing, . . . the district court cannot simply rely on the plaintiff's statement of damages." House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010) (citing Transatlantic Marine Claims, 109 F.3d at 111). Rather, "when [a] defendant defaults and is not present to object, damages must be based on admissible evidence." Id. (collecting cases); see also Trs. of Metal Polishers Local 8A-28A Funds v. Prestige Restoration and Maint., LLC, 986 F. Supp. 2d 159, 164-65 (E.D.N.Y. 2013) (finding no error

in magistrate judge's recommendation that damages be denied based upon plaintiff's failure to establish damages through admissible, authenticated evidence).

As the Court observed, in support of her $91,718.00 damages request, Plaintiff merely presents bald allegations in her Statement of Damages, which is signed by Plaintiff and notarized, but otherwise only contains a mere list of what each expense was for and the total amount it cost.  (See generally Statement of Damages.)  That Statement is not an affidavit.  See Prudential Ins. Co. of Am. v. Payne, No. 20-CV-3683, 2024 WL 707299, at *3 n.4 (E.D.N.Y. Feb. 20, 2024).  The Court declines to simply rely upon said Statement without any substantiating evidence.[1]  See House, 359 F. App'x at 207.  It is expected in situations such as this that the party seeking damages includes substantiating evidence, such as invoices, receipts, and/or bills.  Moreover, the Court observes many of the amounts alleged by Plaintiff appear to be gross estimates and rounded numbers, which the Court finds suspect.  (See, e.g., Statement of Damages ("20,000.00" for New York and New Jersey private investigators; "$4,000.00" for Northern Florida private investigator; "$2,000.00 for security system for the home after the theft of Dog; "$5,000.00" for the value of the Dog).)  Additionally, Plaintiff included a copy of

_____

[1] Moreover, the Court is perplexed by Plaintiff's Statement of Damages; it is simply presented in a vacuum.

10

her adoption release form in support of proof of ownership of the Dog, which states Plaintiff paid a $450.00 adoption fee for the Dog.  (See ECF No. 13-7 at 4.)  This number is in stark contrast to the alleged $5,000.00 Plaintiff baldly asserts for the value of the Dog (see Statement of Damages).  This underscores the Court's reluctance to accept Plaintiff's claimed damages here.  Thus, because Plaintiff's claimed damages are wholly unsubstantiated by any evidence, no basis -- let alone a sufficient one -- exists upon which to award damages.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 13) is DENIED.  The Clerk of Court is directed to close the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 13, 2026
       Central Islip, New York